UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| CHARLES W. MILLER, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 4:07-cv-9 |
| ) | Mattice/Carter |
| SHERIFF MURRAY BLACKWELDER, ) | |
| NURSE BRENDA BURNS, LINCOLN ) | |
| COUNTY JAIL; ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM AND ORDER

Plaintiff Charles W. Miller ("Miller"), a pre-trial detainee, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging the defendants have charged him for medical treatment which they failed to provide.[1] In addition, plaintiff complains that he is being charged a fee for placing his name on the sick-call list and he claims the amount of the fee charged is "preposterous" [Court File No. 1, at 4].[2]

---

[1] The Fifth and Fourteenth Amendments prohibit the government from depriving an inmate of life, liberty, or property without due process of law. To state a cognizable due process claim in this case, plaintiff must allege the interference of a property interest protected by the Due Process Clause, and the denial of sufficient procedural safeguards to protect against unjustified deprivations. U.S. CONST. amend. XIV; *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

[2] Courts have consistently held that an inmate medical co-payment does not violate the Constitution. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir.1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir.1985) (nothing per se unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, does not constitute deliberate indifference under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150- 52 (S.D.Ind.1996) (prisoner co-payment plan does not violate the Eighth

1

I.      **Application to Proceed In Forma Pauperis**

It appears from the application to proceed *in forma pauperis* submitted by Miller, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Miller, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Miller is a pre-trial detainee in custody at the Lincoln County Jail, in Fayetteville, Tennessee he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Miller shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Miller's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Miller's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Miller's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Miller's preceding monthly income (or income credited to his trust account for the preceding month), but only when such

---

Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind.1995), *aff'd,* 116 F.3d 1482 (7th Cir.1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Lincoln County, in Fayetteville, Tennessee; the Custodian of Records at the Lincoln County Jail; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee to ensure the custodian of Miller's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of Miller shall continue to collect monthly payments from Miller's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

II.     **Service of Complaint**

The Clerk is **DIRECTED** to send the plaintiff service packets (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff is **ORDERED** to complete the service packet and return it to the District Court Clerk, P.O. Box 591, Chattanooga, TN 37401, within **twenty (20) days** of the date of receipt of this order. The summonses will then be signed and

sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Miller is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within **thirty (30) days** from the date of service.

Miller is **ORDERED** to inform the Court, and the defendants or defendants' counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

> */s/Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE